# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADAMS, | Case No. 1:15-cv-00642 DLB PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 FOR VIOLATION OF THE EIGHTH AMENDMENT |
| v. | |
| DR. WAYNE ULIT, et al., | |
| Defendants. | |

## I. Screening Requirement and Standard

Plaintiff William Adams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 27, 2015. Plaintiff consented to the jurisdiction of the Magistrate Judge on June 22, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at CTF-Soledad in Soledad, California.  His claims arise from events which occurred at Corcoran State Prison in Corcoran, California.  Plaintiff brings this action against Dr. Wayne Ulit, Dr. Yong Moon, and Dr. Edgar Clark, for violating his right to medical care under the Eighth Amendment of the United States Constitution.

On an unknown date, Plaintiff was playing basketball on the prison yard.  He sustained an injury to his left finger on his left hand.  As a result, he was seen by Dr. Wayne Ulit. Dr. Ulit ordered X-rays of Plaintiff's finger.  The X-rays revealed that Plaintiff did not sustain a dislocation or fracture.  However, there was a visible, persistent deformity to the left fifth finger.  Dr. Moon informed Plaintiff that there were no funds available to the orthopedic doctor to further treat him. Plaintiff claims Defendant Clark failed to provide approval for orthopedic treatment in a prompt

manner and as a result, the orthopedic specialist could not properly treat and cure the deformity.

Plaintiff seeks compensatory damages in the amount of $100,000.00 from each Defendant, and $50,000.00 in punitive damages from each Defendant.

### B. Eighth Amendment Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

At the pleading stage, the Court will assume that Plaintiff's allegation of a left finger injury sustained while playing basketball suffices to satisfy the objective element of an Eighth Amendment. *Wilhelm*, 680 F.3d at 1122; *Lopez*, 203 F.3d at 1131.

Plaintiff's allegations, however, do not suffice to satisfy the subjective element. *Wilhelm*, 680 F.3d at 1122. Plaintiff admits that Defendants treated him for his left finger injury. X-rays were taken of the finger which revealed no dislocation or fracture and Plaintiff was discharged. Plaintiff complains that the injury he sustained resulted in a visible deformity that Defendants failed to correct; however, there is no indication that Defendants were aware of any excessive risk of further significant injury, that Defendants acted in conscious disregard of an excessive risk to his health, or that there was no reasonable justification for exposing him to such risk. *Lemire*, 726

3

F.3d at 1078 (citing *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted).

Plaintiff also fails to state how any named defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. Plaintiff states Defendant Ulit treated him for his finger injury. He does not state how Ulit took any action or failed to take any action with deliberate indifference to his serious medical needs. Plaintiff alleges Defendant Moon advised him there were no funds to provide the requested medical care; however, he does not state how Moon was personally responsible for the alleged denial of care. The allegations merely establish that Moon relayed the information to Plaintiff. As to Defendant Clark, Plaintiff concludes that Defendant, as Chief Medical Officer, failed to provide approval for treatment in a prompt manner. Plaintiff provides no factual support for his conclusory allegation. There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Lemire*, 726 F.3d at 1074-75; *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Accordingly, the Court finds that Plaintiff's allegations do not support a claim for relief under section 1983 for violation of the Eighth Amendment.

### III.    Conclusion and Order

For the reasons set forth above, Plaintiff's complaint fails to state any cognizable claims under section 1983. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional

rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five (25) pages, excluding exhibits; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **February 24, 2016**         /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE