UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ADAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. WAYNE ULIT, et al.,<br><br>    Defendants. | 1:15-cv-00642-GSA-PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM<br>(ECF No. 16.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g).<br><br>ORDER FOR CLERK TO CLOSE CASE |

Plaintiff William Adams ("Plaintiff") is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 27, 2015. (ECF No. 1.)[1] The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on February 25, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 11.) On May 31, 2016, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (ECF No. 16.)

---

[1] On June 22, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the Correctional Training Facility in Soledad, California. At the time of the events at issue, Plaintiff was incarcerated at Corcoran State Prison in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Dr. Wayne Ulit and Dr. Edgar Clark, who were both employed at CSP by the CDCR during the relevant time period.

Plaintiff's allegations in the First Amended Complaint follow, in their entirety. Defendants failed to provide adequate medical care when Plaintiff suffered injury to his finger while playing basketball. Defendants were aware of Plaintiff's injury to his finger and failed to provide adequate treatment as indicated by treating physician who the prison contracts with. Causes of Action: (1) Defendant Ulit was aware of Plaintiff's injury to his finger and ordered x-rays after the prison emergency room refused to perform them; (2) Dr. Wayne Ulit examined the x-rays and determined that Plaintiff should be seen by an orthopedic doctor, but failed to input the request into the Unit Health Care System so a timely appointment would be scheduled; (3) Defendant Ulit failed to perform his duties as a medical doctor when he was fully aware of Plaintiff's dislocated finger; (4) Dr. Edgar Clark had a fiduciary duty to oversee the health care for inmates housed at Corcoran State Prison and failed to provide adequate medical treatment; (5) Dr. Edgar Clark failed to administer adequate treatment after the orthopedic doctor saw Plaintiff and advised treatment; and (6) Dr. Edgar Clark considered Plaintiff's medical needs to be too costly as indicated by Dr. Yong Moon.

Plaintiff requests monetary damages as relief.

### III. PLAINTIFF'S MEDICAL CLAIM

#### A. <u>Legal Standards</u>

##### 1. <u>Section 1983</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697

F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

### B. Medical Claim – Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional

deprivation under the Eighth Amendment." <u>Id.</u> at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." <u>Id.</u> (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

## IV.   DISCUSSION

This Court has screened Plaintiff's First Amended Complaint and finds that it fails to state a cognizable claim under these legal standards against either of the defendants.  Plaintiff alleges that Defendants knew about his injured finger and failed to administer adequate treatment, partly because the treatment was too costly.  This conclusory language is insufficient to state a claim.  As discussed above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678.

Moreover, while Plaintiff's dislocated finger may be considered a serious medical need, Plaintiff fails to show that either of the Defendants acted with deliberate indifference to Plaintiff's medical need.  Plaintiff was seen by medical staff and x-rays were taken.  Plaintiff alleges that Dr. Ulit failed to input a request for Plaintiff's care, causing delay, but there is no showing that either of the Defendants acted, or failed to act, knowing about and consciously disregarding a substantial risk of serious harm to Plaintiff, causing him injury.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The

Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

      Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. This case is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is ordered to CLOSE this case.

IT IS SO ORDERED.

   Dated:   **February 27, 2017**                           **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE